FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON MARK HART,<br><br>                Plaintiff,<br><br>    v.<br><br>DR. DANIEL VARNELL, DR. PATRICIA ZIESLER, CMHPM CRYSTAL CONTRERAS, DR. MARY PETERSON, DR. ERIC RAINEY-GIBSON, DR. BRUCE GAGE, DR. ROD PETERSON, DR. KARIE RAINER, and JOHN OR JANE DOES,<br><br>                Defendants. | No.   4:19-cv-05007-SMJ<br><br>**ORDER DENYING RENEWED MOTIONS FOR DEFAULT JUDGMENT** |

Before the Court, without oral argument, are *pro se* Plaintiff Jason Mark Hart's "Affidavit of Default Judgment," ECF No. 60, and "Motion to Supplement Construed Default Judg[]ment Motion," ECF No. 62. In the first motion, ECF No. 60, Plaintiff again moves for default judgment against Defendant Daniel Varnell, M.D., a request the Court earlier denied. *See* ECF Nos. 57, 60. In the second motion, the Court understands Plaintiff wishes to include allegations that Dr. Varnell is attempting to evade service. *See* ECF No. 62 at 3. Plaintiff also attaches what appear to be his own mental health records, though it is not clear

ORDER DENYING RENEWED MOTIONS FOR DEFAULT JUDGMENT – 1

what purpose Plaintiff intended for these records to serve. *See id.* at 4–6.

Default judgment by the Clerk is only available "against a defendant who has been defaulted for not appearing" under Rule 55(a). Fed. R. Civ. P. 55(b). Further, default judgment is not available as to a defendant who has not been served. *See* Fed. R. Civ. P. 55(a)–(b); *see also Hicks v. Kuula*, No. 05-5137 FDB, 2005 WL 8173059, at *1 (W.D. Wash. Aug. 3, 2005) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Plaintiff has still not sought entry of default as to Dr. Varnell, and Dr. Varnell still has not been served in this matter. Though Plaintiff appears to allege Dr. Varnell is evading service, he includes no facts in support of that claim, and the Court has not received any indication to that effect from the U.S. Marshals Service, who is presently attempting to serve Dr. Varnell.[1] *See* ECF No. 47. Entry of default or default judgment are therefore inappropriate at this time. *See* Fed. R.

---

[1] Furthermore, "before a default can be entered, the Court must have jurisdiction over the party against whom default judgment is sought, which also means that party must have been effectively served with process." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128, 1145 (D. Nev. 1980) (citations omitted). That a defendant is evading service does not excuse this requirement, though it may permit the plaintiff to effect service through alternative means. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (holding due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *see also* Fed. R. Civ. P. 4(e) (describing permitted methods of service within judicial district of United States).

ORDER DENYING RENEWED MOTIONS FOR DEFAULT JUDGMENT – 2

Civ. P. 55(a).

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's "Affidavit of Default Judgment," **ECF No. 60**, and "Motion to Supplement Construed Default Judg[]ment Motion," **ECF No. 62**, are **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Plaintiff and all counsel.

**DATED** this 15th day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING RENEWED MOTIONS FOR DEFAULT JUDGMENT – 3